## Nos. 4504, 4615, 4621.

### ANNA E. DROUET ET AL. VS. FRANÇOIS LACROIX AND C. S. SAUVINET, SHERIFF.

The plaintiff in this case prayed for an injunction to prevent the sheriff and pretended purchaser from disturbing her possession of property which she owns, and also prayed to have the deed which he effected to defendant, Lacroix, declared null and void.

The exception that plaintiff can not carry on this suit until she shall have tendered the amount of the price paid by the purchaser, can not be maintained. Besides that there is no evidence in the record that the price was paid to the judgment creditor, the principle evoked does not apply to a suit like this, which is not an action in revendication to recover back property sold and delivered to a third party. This is an action to prevent the consummation of an illegal and void sale, to stop the sheriff and others from perpetrating a wrong against the right of the plaintiff, by dispossessing her of her property illegally.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *Thomas J. Cooley* and *John Ray*, for plaintiffs and appellants. *Charles Louque*, for defendants and appellees.

LUDELING, C. J. By consent the appeals in the cases numbered 4504, 4615, and 4621, have been consolidated in this court.

### Mrs. A. E. Drouet vs. Lacroix.

The plaintiff alleges that she is the owner of certain real estate in New Orleans, which is in her possession; that C. S. Sauvinet, sheriff, did illegally deed under a pretended adjudication unto François Lacroix the said property, acting under and by virtue of two alleged *fieri facias* writs in a suit entitled Wm. McCracken vs. Anna E. Drouet, and Geo. Purves vs. same defendant. She alleges that the pretended sale or adjudication is null and void, because no notice to appoint appraisers and no appraisement was ever made, as contemplated by law, and that the said property was adjudicated as aforesaid for a sum greatly below two-thirds of its value. She prayed for an injunction to prevent the sheriff and pretended purchaser from disturbing her possession, and to have the deed to Lacroix declared null and void. The injunction was granted, and, on motion, was set aside. The objections urged against the injunction are, that the bond is not for a sufficient amount, that the sureties are not solvent, and that no injunction could issue till the plaintiff had tendered the amount of the price of adjudication to the purchaser.

The bond is for the amount fixed by the judge, and the sureties are solvent and good for the bond, according to the evidence in this record. The other objection is a peremptory exception to the suit, and will be noticed hereafter.

In the progress of the case defendant took a rule against plaintiff to show cause why the appeal taken by plaintiff from the judgment dissolving his injunction should not be dismissed. After hearing, the rule was dismissed, and the defendant took an appeal, No. 4615. The plaintiff had a right to appeal; the bond was for the amount fixed, and the securities are good. Lacroix filed an exception to the suit, alleging that the amount of his bid was paid by him to the sheriff, and by the sheriff to the judgment creditors, and that the plaintiff can not carry on this suit until she shall have tendered the amount of the price paid as aforesaid. This same exception is made in the motion to dissolve before alluded to. There is no evidence in this record that the price was paid as alleged. It is not probable that the price has been paid to the judgment creditors, inasmuch as the property has not been delivered unto the buyer.

But the principle invoked does not apply to a suit like this, which is not an action in revendication to recover back property sold and delivered to a third party. This is an action to prevent the consummation of an illegal and void sale; to stop the sheriff and others from perpetrating a wrong against the right of the plaintiff by dispossessing her of her property illegally.

Purves alleged no cause of action. Enough has been said already to show there is no merit in this exception.

It is therefore ordered and adjudged that the judgments appealed from by plaintiff be reversed, that the injunction be reinstated, and the

exception be overruled, and that the case be remanded to be tried on the merits, according to law, the defendants to pay the costs.

HOWELL, J., *dissenting.* There are three appeals taken in this case, two by the plaintiff and one by the defendant, F. Lacroix, which have been consolidated in this court. The plaintiff, Mrs. Drouet, instituted this suit to annul the adjudication of certain property belonging to her made by the sheriff to F. Lacroix, under writs of *fieri facias* issued in two suits against her, on the grounds that no notice of appraisement was given to her, no appraisement made, as contemplated by law, and the adjudication was made for much less than two-thirds of the value of the said property, and she obtained an injunction enjoining the defendant, Lacroix, and the sheriff, from attempting to evict her from the possession of the property. Lacroix moved to dissolve the injunction on the grounds:

First—That the securities on the injunction bond are not good and solvent, as the law requires.

Second—That the bond is insufficient in amount and informal.

Third—That no such injunction could issue in the premises until plaintiff had deposited in cash to the credit of defendant the amount paid by defendant for the purchase price of the property, the same having been used to pay her debts.

He also filed an exception as an answer to the petition, that the plaintiff has no right of action, because the amount of the adjudication was paid to the sheriff according to law, who paid it to the plaintiffs in the two executions, who were mortgage creditors of this plaintiff, thus paying her debts, and she has not paid or tendered the same, which she is bound to do before instituting a suit to annul the adjudication. George Purves, one of the plaintiffs in the executions, excepted that the petition shows no cause of action against him. The injunction was dissolved, and the plaintiff appealed. The defendant, Lacroix, moved in the lower court to set aside said appeal, on the grounds:

First—That no appeal lies from said judgment, there being no case before the court.

Second—The amount of the bond is insufficient.

Third—The security is not good and solvent as the law directs.

This rule was dismissed, and Lacroix appealed. On the trial of his exception to the petition it was sustained and the suit dismissed, and the plaintiff appealed from said ruling.

The appeal taken by Lacroix from the judgment on his rule to set aside the appeal taken by the plaintiff can not prevail. The only matter which the lower court can examine after an appeal is granted is in reference to the sufficiency of the surety and the question of execution, and the remedy for error in his ruling on such subjects is not by appeal.

Mrs. A. E. Drouot vs. Lacroix.

As to the appeals taken by the plaintiff, disposing of that on the exception disposes of the whole case. She complains that the exception was improperly tried when she was not present nor represented. If this point was properly reserved so as to be examined by us, the record shows that the exception was regularly fixed and posted for trial, and that notices of trial of exceptions are not given. This was binding on her.

She next complains that there is no evidence in the record to sustain the allegations of the exception. The record shows that the court heard the pleadings and evidence, and we must, I think, either dismiss this appeal because the record is incomplete, which will leave the judgment in force against the plaintiff, or presume (which is the more regular course) that the judge did his duty and rendered the judgment on sufficient evidence. See 15 L. 232. The Code of Practice does not make it essential that the evidence be reduced to writing, but authorizes either party to have it done or provide a statement of facts. Arts. 601, 602.

The primary, principal object of this suit is to annul the adjudication to F. Lacroix, which by law vested the title and possession in him. In New Orleans it is not necessary for the sheriff to take actual possession of real estate to effect a valid seizure and transfer the property by the adjudication. In this case I think the adjudication transferred the property and the legal possession to the adjudicatee, and the presumption, in addition to the evidence on the exception, is that the sheriff did his duty in requiring the bid to be paid and turning it over to the plaintiffs in the executions. Hence the exception was properly sustained.

I therefore dissent.